Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>HERIBERTO GARCÍA PARRA<br><br>Peticionario | KLCE202400184 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso núm.:<br>J DC1998G0028<br><br>Sobre:  Art. 138 CP |
|---|---|---|

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de febrero de 2024.

Comparece ante este Tribunal de Apelaciones, y por derecho propio, el Sr. Heriberto García Parra (señor García Parra o peticionario) mediante el recurso de *Certiorari* de epígrafe solicitándonos que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (el TPI), el 10 de enero de 2024, notificada al día siguiente.

Por los fundamentos que detallamos a continuación, denegamos la expedición del recurso solicitado.

### I.

Del escueto escrito intitulado *Petición de Apelación de Reducción de Sentencia Limitaciones Físicas* instado por el peticionario, surge que este cumple una sentencia de 99 años en la institución carcelaria Complejo 501 de Bayamón. Aduce sufrir varias condiciones de salud y físicas, limitantes e incapacitantes por lo que entiende es acreedor a una reducción de su sentencia.

El 10 de enero de 2024, el TPI atendió dicho petitorio el cual fue declarado *No Ha Lugar*. Inconforme con dicha determinación, el peticionario presentó el recurso que nos ocupa en el cual no plantea

el error que a su entender cometió el foro recurrido, ni incluyó las disposiciones de ley y/o jurisprudencia aplicable.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), este tribunal tiene la facultad de prescindir de escritos con el propósito de lograr su más justo y eficiente despacho. En atención a lo anterior, eximimos a la Oficina del Procurador General de presentar su alegato.

Examinado el escrito presentado por el peticionario; así como el estado de derecho aplicable, procedemos a disponer del presente recurso mediante los fundamentos que expondremos a continuación.

**II.**

### *El Auto de Certiorari*

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders at al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001). Esta discreción ha sido definida en nuestro ordenamiento jurídico como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Negrón v. Srio. de Justicia, supra,* pág. 91.

Por consiguiente, para determinar si procede la expedición de un recurso de *certiorari* en el que se recurre de una resolución interlocutoria, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que lee como sigue:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención. Así pues, es norma reiterada que este foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

Por su parte, en nuestro ordenamiento jurídico, la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Lo anterior no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un uso excesivo de discreción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia,* supra.

**III.**

De entrada, precisa advertir que el mecanismo procesal adecuado para corregir o modificar una sentencia dictada al amparo de la ley penal es el dispuesto en la Regla 185 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 185. *Pueblo v. Martínez Lugo*, 150 DPR 238, 245 (2000).

De una lectura del presente recurso surge diáfanamente que el señor García Parra no alega que la sentencia impuesta, y por la cual se encuentra cumpliendo 99 años, deba ser corregida o modificada por algunos de los incisos dispuestos en la referida regla. Por ello, no corresponde conceder remedio alguno bajo los parámetros de la Regla 185 de las de Procedimiento Criminal, *supra*, ya que es evidente que no tiene aplicación al caso ante nuestra consideración.

De otra parte, el peticionario aún no ha agotado los remedios administrativos antes de acudir al foro judicial en búsqueda de una adjudicación sobre su reclamación. Al respecto, enfatizamos que la Ley núm. 25 del 19 de julio de 1992 titulada *Ley para el egreso de confinados con SIDA y otras enfermedades terminales*, y el Reglamento Núm. 7818 de 2 de marzo de 2010 intitulado *Reglamento sobre Procedimientos para atender los casos especiales de las personas que están afectadas por el Síndrome de inmunodeficiencia adquirida y otras enfermedades terminales y condiciones deformantes e incapacitantes severas en el sistema correccional de Puerto Rico*, facultan al Departamento de Corrección y Rehabilitación a autorizar la salida de los confinados de las instituciones penales bajo los criterios y procedimientos allí dispuestos. Así que el peticionario, en la eventualidad de no estar satisfecho con la decisión administrativa, podrá, conforme la normativa aplicable, utilizar el mecanismo de revisión judicial para recurrir de la misma ante esta *Curia*.

En conclusión, no están presentes ninguno de los criterios establecidos en la Regla 40 de nuestro reglamento que nos persuada para la expedición del auto solicitado.

**IV.**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari.*

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones